

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 6, 1965

Honorable Crawford C. Martin
Secretary of State
Capitol Station
Austin, Texas

Opinion No. C-461

Re: Construction and meaning of
the term, "any state-wide
association of daily and
weekly newspapers in Texas",
as used in Article 6.07

Dear Sir: of the Texas Election Code.

Both the factual and the legal background on the
question you have submitted to us are explained in your opinion
request, which we quote:

"We respectfully request your opinion on the
meaning of the term, 'any state-wide association
of daily and weekly newspapers in Texas,' as used
in Article 6.07 of the Texas Election Code.
Specifically, may the term be interpreted to include
business firms which regularly engage in contracting
for advertising with news media in the state?

"Under the Constitution of the State of
Texas, the Secretary of State is charged with the
responsibility of having published proposed
Constitutional Amendments in newspapers throughout
the state. (Article XVII, Sec. 1). Procedural
direction is provided statutorily by the
Legislature.

"Prior to 1955, the rather broad language of
Art. 6.07 of the Texas Election Code as to the
manner in which the Secretary of State shall effect
the required publication of such notices was
embodied in the following sentence: 'Such
Constitutional Amendments shall be published,
under the authority of the Secretary of State,
as required by the Constitution.'

-2197-

"In 1955, Art. 6.07 of the Election Code was amended to include the following language:

"'Provided, however, if the Secretary of State shall deem it more expeditious or economical he may apportion such amendments and make a written contract with any state-wide association of daily and weekly newspapers in Texas for the publication of such Constitutional Amendments in newspapers designated by him. Such association shall cause such amendments to be published in said newspapers in the manner required by the Constitution; * * *.'

"The question, as stated in the opening paragraph of this letter, is the construction and legislative intent of the term, 'any state-wide association of daily and weekly newspapers in Texas.'

"The question arises from an inquiry which this department has received from a Texas firm engaged in the public relations and advertising business. The business organization regularly contracts with newspapers throughout the state in the natural course of its activities, and it desires to bid on a contract with the State of Texas for the placement of Constitutional Amendment notices."

An "association" is defined broadly as "an organization of persons having a common interest." In a more restricted sense, the term is defined as "a body of persons organized for the prosecution of some purpose, having no charter from the state, but having the general form and mode of procedure of a corporation." Webster's Third New International Dictionary (1961). Another definition frequently given is that it is "a body of persons united and acting together without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise." Black's Law Dictionary (4th Ed. 1951); Chicago Grain Trimmers Association v. Murphy, 389 Ill. 102, 58 N.E.2d 906 (1945); Port Terminal Railroad Association v. Leonhardt, 289 S.W.2d 649 (Tex.Civ.App. 1956). The essential characteristic is that there be a joining together of persons (i.e., natural or artificial legal entities), constituting the membership of the association, for the promotion of a common purpose through some type of organization which the members themselves create and control. In our opinion, the business relationship existing between the public relations firm and the newspapers of the State, as described in your letter, does not come

within this definition, and the firm in question is not a "state-wide association of daily and weekly newspapers" within the meaning of Article 6.07. Accordingly, we answer your question in the negative.

## SUMMARY

A business firm engaged in public relations and advertising work which contracts for advertising with newspapers throughout the State does not come within the meaning of the term "state-wide association of daily and weekly newspapers" in Article 6.07 of the Texas Election Code.

Yours very truly,

WAGGONER CARR
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:sj:ml

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Bob Flowers
Harold Kennedy
Paul Phy

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright